

**BOHMAN | MORSE**
bespoke representation
400 POYDRAS STREET, SUITE 2050, NEW ORLEANS, LA 70130

MARTIN S. BOHMAN
PHONE: (504) 930-4022
FAX: (888) 217-2744
Martin@bohmanmorse.com

February 9, 2023

Mr. Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, LA 70130

    RE:    *Certain Underwriters at Lloyds, London, subscribing to Cover Note (Unique Market Reference or UMR) B1262SM0446416, doing business as Osprey Underwriting Agency Limited v. Cox Operating, LLC*

             Case No.: 22-30371, United States Court of Appeals for The Fifth Circuit

Dear Mr. Cayce,

    As invited by the Court during and subsequent to the oral argument in this matter held on 7 February, 2023, and pursuant to Fed. R. App. P. 28(j), Appellant *Certain Underwriters at Lloyds, London* submits to the court an outline of the case potentially implicated as a result of the Court's decision in this matter. As we appreciate it, the invitation from the Court was not for additional briefing, rather simply for a listing of certain cases and we respectfully answer that charge with the following. If, however, additional briefing is required, please let us know.

    As to the issue of what it means to be "*actually engaged or involved in the intended operations [of the vessel] at the time of loss*" we suggest to the Court that the cases involving and defining the scope of the second prong of *Scindia Steam Navigation Co. v. De Los Santos* is implicated as the language is similar with respect to vessel involvement in ongoing operations.

    The Second prong of *Scindia*, characterized as the "active operations" or "active involvement" in operations prong is well established and a vessel is not involved in the ongoing operations if control has been transferred, even in situations where the incident actually occurs on the vessel. The cases:

Hon. Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit

Wednesday, February 8, 2023

1. *Scindia Steam Navigation Co. v De Los Santos*, 451 U.S. 156, 164, 101 S. Ct. 1614, 68 L.Ed.2d. 1 (1981);

2. *Fontenot v. United States,* 89 F. 3d. 205, 206, 1996 A.M.C. 2472 (5TH Cir. 1996), discussing vessel owner "*actively involving itself in cargo operations*" *Id.* at 207;

3. *Fontenot v. McCall's Boat Rentals, Inc.*, 227 Fed. Appx. 397, 2007 WL 1428985 (5TH Cir. 2007)(Dennis, J) at Headnotes 7, 8;

4. *Manson Gulf, LLC v. Modern American Recycling Service, Incorporated*, 878 F.3d 130, 2018 A.M.C. 248 (5TH Cir 2017) at Headnote 3;

5. *Landry v. GC Constructors,* 2013 WL 632248, 2013 A.M.C. 2380 (5TH Cir. 2013), discussing "*active involvement*" in operations. *Id* at 2.

6. *Viator v. LeBoeuf Brothers Towing, LLC.*, 102 So.2d 228 (La. App. 4Th Cir. 2012) citing *Scindia* and *Howlett v. Brikdale Shipping Co., S.A.,* 512 U.S. 92, 101, 114 S.Ct. 2057, 219 L.Ed.2d 78 (1994) and the "active operations/active involvement" issue;

Furthermore, a holding that the L/B SELECT 102 was "actually engaged or involved in the intended operations at the time of the loss" would implicate *Lanasse v. Travelers Ins. Co.*, 450 F.2d 580, 584 (5th Cir. 1971) (holding that, for a loss to arise "as owner of the vessel" within a P&I Policy, "[t]here must be at least some causal operational relation between the vessel and the resulting injury. The line may be a wavy one between coverage and noncoverage, especially with industrial complications in these ambiguous amphibious operations plus those arising from the personification of the vessel as an actor in a suit in rem. But where injury is done through non-vessel operations, the vessel must be more than the inert locale of the injury."

Compare *Gaspard v. Offshore Crane and Equipment, Inc.*, 106 F.3d 1232 (5th Cir. 1997) (holding that when the "as owner" clause is deleted, the "causal operational relation test is inapplicable").

Underwriters would submit that *Lanasse* and *Gaspard* show the distinction between coverage for additional assureds under the as owner clause, versus the meaning of "actually engaged or involved in the intended operations" in the P&I policy at issue here. Affirming the district court and holding that the L/B SELECT 102 was actually involved would call *Lanasse* into question, and would undo the delineation between *Lanasse* and *Gaspard* this Court has previously outlined.

Hon. Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit

Wednesday, February 8, 2023

      Under the facts as presented in this appeal, Appellant submits that these cases provide guidance and are implicated in the issues presented.

                                          Respectfully submitted:

                                          **BOHMAN | MORSE, LLC**

                                          /s/Martin S. Bohman
                                          MARTIN S. BOHMAN (#22005)
                                          HARRY E. MORSE (#31515)
                                          400 Poydras Street, Suite 2050
                                          New Orleans, Louisiana  70130
                                          Telephone: (504) 930-4009
                                          Fax: (888) 217-2744
                                          E-Mail: Martin@BohmanMorse.com
                                          E-Mail: Harry@BohmanMorse.com

                                          *Attorneys for Certain Underwriters at Lloyds, London, subscribing to Cover Note (Unique Market Reference or UMR) B1262SM0446416), doing business as Osprey Underwriting Agency Limited*

MSB/slf

Enclosures (None)

Cc:     All counsel (*Via CM/ECF and electronic mail*)